IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Shaughnessy,        *Plaintiff,*        -*vs*-    Thomas Dart, Sheriff of Cook County, and Cook County, Illinois,        *Defendants.* | ) ) ) ) ) ) )    No. 18-cv- ) ) )    *(jury demand)* ) ) ) ) ) |

# COMPLAINT

Plaintiff Jason Shaughnessy, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Jason Shaughnessy is a former inmate of the Cook County Jail who was assigned booking number 2017-0927002. Plaintiff was incarcerated at the Jail from September 27, 2017 to September 28, 2018.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a

necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2015.

6. About one year ago plaintiff suffered a stroke. The stroke caused plaintiff weakness on the left side.

7. As a result of this condition, medical providers employed by defendant Cook County determined plaintiff required a wheelchair to move from place to place. A wheelchair order was entered in plaintiff's medical records that was conveyed to defendant Dart's employees in C-COMS.

8. Beginning in May of 2018 plaintiff began attending WestCare in Division 6 at the Cook County Jail.

9. Defendants were notified by plaintiff on June 2, 2018 that he was unable to toilet on the same basis as similarly situated non-disabled inmates in WestCare because the toilets designated for inmates in WestCare are not accessible for a wheelchair-user. None of the toilets have grab bars to assist a transfer to and from the toilet.

10. At all times relevant, defendants knew the physical location for WestCare in Division 6 did not have an accessible toilet for a wheelchair-using participant.

11. Defendants never took any action to provide plaintiff an accommodation to toilet in WestCare.

12. On September 12, 2018, at about 11:30 a.m., plaintiff fell while transferring from a toilet in WestCare to his wheelchair. Plaintiff suffered significant personal injuries from this fall and was transported to Stroger Hospital.

13. Following this injury, defendant Dart refused to allow plaintiff to participate in WestCare because the area designated for WestCare by the defendant Dart did not have an accommodation for wheelchair-users to toilet.

14. Plaintiff has experienced other discrimination while in the Sheriff's custody.

15. On June 28, 2018, defendant Dart transported plaintiff in a squad car from the Will County Courthouse to the Cook County Jail. The Sheriff's employees removed plaintiff from his wheelchair and placed him in the back of a squad car because the Sheriff did not have sufficient wheelchair accessible vans.

16. On September 28, 2018, plaintiff was held in a bullpen adjacent to Room 203 at the Leighton Courthouse for hours. While assigned to this bullpen plaintiff was unable to access the toilet like non-disabled inmates because the holding cell did not have grab bars around the toilet and sufficient floor space around the toilet for a wheelchair-user to transfer.

17. At all times relevant, defendants Dart and Cook County knew that none of the holding cells at Leighton are accessible for a wheelchair-user.

18. The above described discrimination caused plaintiff to suffer physical and emotional injuries.

19. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*